## VERDICT.

[Hamilton Circuit Court, January Term, 1899.]

### DAVID J. HAUSS v. GEORGE KOEHLER.

VERDICT DUAL IN FORM, BEING A MERE IRREGULARITY IS NOT PREJUDICIAL.
> Where the jury return a verdict dual in form, being a finding for plaintiff on the cause of action stated in the petition, and a finding for defendant on the cause of action stated in the answer and cross-petition; such verdict is not inconsistent, and the court is authorized to subtract the findings and enter judgment for the difference.

WILSON, J.

The petition in this case states a cause of action against the defendant upon two counts, one upon contract, and the other upon a *quantum meruit*, for the same services.

The answer is a general denial, and a counter-claim for injuries to property by the attempt to perform the services to recover for which the plaintiff sues. The case was tried to a jury and resulted in a verdict dual in form, being a finding for the plaintiff on the cause of action stated in the petition in the sum of $53.00, and a finding for the defendant on the cause of action stated in the answer and cross-petition in the sum of $55.00.

No exception was taken to the form of the verdict. A motion for new trial was filed by the plaintiff and overruled, and thereupon the court subtracted the findings and entered judgment for the defendant in the sum of $2.00, to all of which the plaintiff excepted and prosecutes error to reverse the judgment.

It is argued that the court had no right to make the subtraction between the verdicts in order to arrive at the amount of the judgment, and that the two verdicts were inconsistent. The case of Baugham v. Baugham, 114 Indiana, 73, is relied upon as authority for this contention. In that case the verdict for the plaintiff was: "We, the jury, find for the plaintiff, and assess his damages in the sum of eight hundred dollars," and then followed a verdict for the defendant on his counter-claim. Of course, these verdicts were inconsistent. The finding for the plaintiff generally without confining it to the cause of action stated in

the petition, precluded any finding for the defendant. But in the case at bar the finding for the plaintiff is expressly confined to his cause of action; and so with the finding for the defendant. They are not, therefore, inconsistent. The conclusion of the jury upon all the issues joined is perfectly apparent, and a mere irregularity in the form of verdict is not prejudicial. That, no doubt, would have been corrected had the attention of the court been called to it before the jury had been discharged.

Under the circumstances the court was authorized to make the subtraction and enter judgment for the difference, for the reason that the verdicts were not inconsistent. Brainard et al. v. Lane, 26 O. S., 632.

We find no error in the record. The judgment will be affirmed.

*Kelley & Hauck*, for plaintiff in error.

*Stephens & Lincoln*, for defendant in error.